UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re

TERRY LEE BENTLEY,            Case No. 04-15825-MAM-13

  Debtor.

TERRY LEE BENTLEY,

  Plaintiff,

vs                    Adv. No. 06-01002-MAM

NISSAN MOTOR ACCEPTANCE CORP.,

  Defendant.

ORDER GRANTING MOTION TO DISMISS
OR ALTERNATIVELY TO ABSTAIN

  Roy Kadel, attorney for debtor, Mobile, Alabama
  Franklin V. Anderson, special counsel for plaintiff, Mobile, Alabama
  Bradley R. Hightower and Eric J. Breithaupt, attorneys for Nissan Motor Acceptance
    Corp., Birmingham, Alabama

  This matter came before the court on the plaintiff's motion to abstain, transfer or dismiss without prejudice the adversary proceeding filed by plaintiff. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and by the Order of Reference of the District Court. This matter is a core proceeding under § 157(b)(2) and the court has authority to issue a final order. For the reasons indicated below, the court is granting the plaintiff's motion to dismiss or alternatively to abstain as to the specific causes of action listed.

-1-

## FACTS

The plaintiff, Terry Bentley, filed an adversary proceeding against Nissan Motor Acceptance Corp., on January 1, 2006. In Bentley's complaint, the plaintiff alleged that he sustained certain damages related to the postpetition repossession of his vehicle by NMAC. Bentley claimed damages against NMAC for violating the Bankruptcy Code's automatic stay as well as for intentional infliction of emotional distress, libel per se, conversion, making a false statement over the interstate telephone system, maliciously interfering with the attorney client relationship, slander, conspiracy, obstruction of justice, and RICO violations. NMAC requested the court's permission for leave to file a third party complaint against the company NMAC contracted with to repossess Bentley's vehicle. Bentley opposed NMAC's request arguing to this court that he only wanted to sue NMAC not any other parties involved in the repossession and events occurring thereafter that NMAC had contracted and/or subcontracted with to repossess the vehicle.

On March 1, 2006, the court held a hearing on NMAC's motion for leave and, over the plaintiff's objection, granted the motion allowing NMAC to file a third party complaint against Remarketing Solutions, Inc., who NMAC alleged is liable for any damages caused by the repossession. In granting NMAC's motion to file the third party complaint, the court specifically reserved the right to reexamine the issue if other nonbankruptcy related entities were brought into the case. Upon having its motion for leave granted, NMAC served Remarketing with a third party complaint. Remarketing responded by filing a third party complaint against Ascension Recovery, Inc., the company Remarketing subcontracted to do the repossession. Because of the addition of Ascension into this case and the high likelihood that Ascension would bring in other

nonbankruptcy related parties, the court, upon a motion by plaintiff, vacated its order of March 1, 2006, and allowed Bentley to proceed against NMAC alone. As for the disputes between NMAC, Remarketing, Ascension, and the others involved, the court found their disputes did not involve bankruptcy law nor were they likely to affect Bentley's bankruptcy estate. Thus, the court held that those disputes were not for it to decide.

Now the plaintiff moves this court to dismiss his complaint against NMAC without prejudice so that he can sue in state court all the parties he objected to NMAC bringing into the adversary proceeding. NMAC opposes the motion arguing that Bentley should be judicially estopped from taking the contradictory positions of first objecting to the other parties being brought into this case and now requesting that the complaint be dismissed so that he can sue those same parties in state court.

## LAW

The plaintiff's complaint alleges numerous causes of action against the defendant, a number of which are criminal or tort allegations unrelated to bankruptcy law. The complaint also alleges two causes of action under separate sections of the Bankruptcy Code: a claim for wilful violation of the automatic stay under 11 U.S.C. § 362(h); and a claim that the defendant maliciously interfered with the attorney-client relationship and the contract of employment approved by this court under its rules and 11 U.S.C. § 329. The complaint also raises issues concerning NMAC's motion for relief from stay and the three claims filed by it in the debtor's bankruptcy case, as well as the plaintiff's objections to NMAC's filed claims. The plaintiff's motion now before the court, requests the court to abstain, transfer, or dismiss without prejudice the criminal and tort claims alleged by plaintiff against NMAC, allowing only the §362(h) claim,

-3-

the §329 claim, and the issues involving NMAC's claims and motion for relief from stay to remain in this adversary proceeding.

There is really no disagreement between the parties as to this motion. The plaintiff asserts, and the defendant agrees, that the court does not have jurisdiction to hear the criminal and tort claims alleged by the plaintiff, and therefore those claims should be dismissed from this adversary proceeding. In the alternative, the plaintiff requests the court to transfer these claims to another forum or abstain from hearing these claims. The court agrees with the parties that it lacks jurisdiction over the criminal and tort allegations made by plaintiff. These claims did not arise under title 11 or arise in a case under title 11. The only conceivable grounds for jurisdiction over those claims would be "related to" jurisdiction. See 28 U.S.C. § 1334(b). The test for "related to" jurisdiction is "whether the outcome of the proceeding could conceivably have an effect on the estate being administer in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Because Bentley is currently in Chapter 13 bankruptcy and has a confirmed plan paying 100% pro rata to all unsecured creditors, these claims cannot "conceivably have any effect on the estate being administered in bankruptcy." *Toledo*, at 1345 (quoting *Pacor*, at 994). Even if Bentley were to successfully prosecute these claims, the recovery would not affect the bankruptcy estate as the creditors are already being repaid at 100%. Any recovery by Bentley over and above the amounts owing to his creditors would not be property of the estate, but would be Bentley's. Accordingly, the court will dismiss these claims for lack of jurisdiction.

If the court is incorrect as to the lack of jurisdiction over those claims, the court alternatively holds that abstention is appropriate as to any criminal and tort claims as well as any

-4-

and all claims made against nonbankruptcy related parties. *See In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr. S.D. Tex. 1987); 28 U.S.C. § 1334(c). As the court will rule the plaintiff's criminal and tortious allegations, other than those under § 362(h) and § 329, are dismissed for lack of jurisdiction or alternatively the court will abstain from hearing those issues, the court need not address the transfer portion of plaintiff's request.

THEREFORE IT IS ORDERED:

1) The plaintiff's motion to abstain, transfer or dismiss without prejudice is GRANTED;

2) The criminal and tort claims alleged in plaintiff's complaint are DISMISSED for lack of jurisdiction, except the claims brought under 11 U.S.C. § 362(h) and § 329;

3) Alternatively, the court will abstain from hearing the criminal and tort claims, except the claims brought under 11 U.S.C. § 362(h) and § 329;

4) The issues set for trial are the § 362(h) claim, the claim alleging malicious interference under § 329, and the issues involving the three claims filed by NMAC, and the objections to those claims, as well as NMAC's motion for relief from stay;

5) The trial on the remaining issues is set for Thursday July 6, 2006 at 8:30 a.m.

Dated: June 27, 2006

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE